IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PAUL NELSON BARNES, #331-467<br>    Petitioner,<br><br>v.<br><br>M. BROOK MURDOCK and<br>THE ATTORNEY GENERAL OF THE<br> STATE OF MARYLAND<br>    Respondents. | *<br><br>*<br><br>*   CIVIL ACTION NO.  WDQ-06-2585<br>*<br><br>*<br><br>* |

******

## MEMORANDUM

Petitioner Paul Nelson Barnes, an inmate confined at the Maryland Correctional Institution in Jessup, Maryland, filed the instant 28 U.S.C. § 2254 application for habeas corpus relief on October 2, 2006. He attacks the constitutionality of his convictions entered by the Circuit Court for Baltimore City in 2005, after he pleaded guilty to solicitation of prostitution and carrying a dangerous weapon.[1] Paper No. 1.

Before filing a petition seeking habeas relief in federal court, Petitioner must exhaust each claim presented to the federal court through remedies available in state court.[2] This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(b) and (c). This may be accomplished by proceeding either on direct appeal and/or in a post-conviction petition.

Respondents argue that Petitioner has not yet exhausted all of his available state court

---

[1] The Court is also in receipt of numerous motions filed by the parties. Petitioner's Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) shall be granted. Petitioner's Motions for Default Judgment (Paper Nos. 6 and 10) shall be denied. Petitioner is mistaken in his belief that Respondents did not timely comply with the Court's order to show cause inasmuch as Respondents had filed a request for an extension of time. Petitioner's Motions to Amend (Paper Nos. 8 and 9), to the extent they supplement the factual allegations contained in the Petition, shall be granted. Petitioner's Motion for Certificate of Appealability (Paper No. 11) shall be denied . Petitioner filed the motion in response to an order entered by a state court judge and not in response to any action taken by this Court. Respondents' Motion for Extension of Time to File a Response (Paper No. 5) shall be granted nunc pro tunc.

[2] *See Rose v. Lundy*, 455 U.S. 509, 518 (1982)

remedies. Paper No. 7. Exhibits show that on February 4, 2005, Petitioner pled guilty in the Circuit Court for Baltimore City, Case Number 805032008, to solicitation of prostitution and carrying a dangerous weapon. Paper No. 7, Ex. 1. Petitioner was sentenced to a one-year term for the solicitation offense and a three-year concurrent term for the weapon offense. *Id.*

Petitioner filed an application for leave to appeal the entry of his guilty plea on November 23, 2005. *Id.*, Ex. 2 and 3. The Court of Special Appeals summarily denied Petitioner's application for leave to appeal. The court's mandate issued on September 20, 2006. *Id.*, Ex. 4.

On March 21, 2006, Petitioner filed a petition for post-conviction relief in the Circuit Court for Baltimore City.[3]  The Petition was referred to Judge Nance for a ruling. *Id.*, Ex. 1. To date, Judge Nance has not ruled on the petition. *Id.* and Paper No. 9.

Since Petitioner's claims have not yet been exhausted in the state courts, the Court concludes that this petition for habeas corpus relief shall be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for this Court to insist on exhaustion before it addresses the issues raised by Petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

For the foregoing reasons, the instant application shall be dismissed for the failure to exhaust state court remedies. A separate order follows.

<u>May 31, 2007</u>              <u>        /s/                             </u>
 Date                                             William D. Quarles, Jr.
                                                 United States District Judge

---

[3] Petitioner is entitled to seek relief pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. The parties have not provided this Court a copy of the petition, nor have the parties delineated what allegations Petitioner raised in the post-conviction petition and whether those allegations of error are the same allegations as raised in his habeas petition. Because Petitioner is free to amend his pending state post-conviction petition and is also entitled to the assistance of the Maryland Public Defender's Office in pursuing that petition even though his original filing was filed pro se, the Court finds that his available state court remedies remain unexhausted.